IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANNY GONZALEZ OROZCO,<br>**Petitioner,** | CIVIL ACTION |
| **v.** | |
| J.L. JAMISON, BRIAN MCSHANE,<br>MARKWAYNE MULLIN, TODD<br>BLANCHE,<br>**Respondents.** | NO.  26-2727 |

**HODGE, J.**                                                                                               **April 30, 2026**

**MEMORANDUM**

Petitioner Danny Gonzalez Orozco ("Petitioner" or "Mr. Gonzalez Orozco") is another of the numerous individuals who, pursuant to the relatively new decision by the Bureau of Immigration Appeals ("BIA"), has been subjected to mandatory detention without the opportunity for an individualized hearing under the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225(b)(2). BIA's interpretation of that section would permit it to treat an immigrant who was not inspected upon arrival in the country "as seeking admission" even if the person arrived in the country years ago. Such treatment results in detention without any hearing. This Court again joins with the hundreds of decisions rejecting BIA's analysis and grants Mr. Gonzalez Orozco's petition for a writ of habeas corpus (ECF No. 1 (the "Petition")). The Court orders that Petitioner be provided an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) or otherwise be released within seven days.[1]

---

[1] The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar recent cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

## I.   PROCEDURAL BACKGROUND[2]

Mr. Gonzalez Orozco, a native of Guatemala, entered the United States in or around 2013 or 2014 without inspection and has been present in the United States since that time. [3] (ECF No. 1 ¶¶ 1–2; ECF No. 4 at 4.) Mr. Gonzalez Orozco lives in Chester, Pennsylvania with his partner, who is pregnant with their first child. (ECF No. 1 ¶ 2.) On December 13, 2025, Petitioner was arrested by the Chester Police Department for violations of the Pennsylvania Crimes Code, including Simple Assault (domestic violence) and Harassment. (ECF No. 4 at 4.) Mr. Gonzalez Orozco was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") in Chester, Pennsylvania. (ECF No. 1 ¶ 3.) Following his arrest, Respondents detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A) and placed him into removal proceedings. (ECF No. 4 at 4.) The same day, Respondents issued to the Petitioner a Notice to Appear ("NTA") before an immigration judge on May 5, 2026. (*Id.*)

## II.   LEGAL STANDARD

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

## III.   DISCUSSION

Respondents assert that the Petition should be denied because Mr. Gonzalez Orozco is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and his detention does not violate constitutional due process.

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.
[3] Petitioner asserts that he entered the United States sometime in 2014, while Respondents believe he entered in 2013.

### A. Mr. Gonzalez Orozco Is Not Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)(2)(A)

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding . . . ." By contrast, 8 U.S.C. § 1226(a) "applies to aliens already present in the United States," *Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018), and provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any of the criminal offenses listed in Section 1226(c). 8 U.S.C. § 1226(a).

Reversing course, on July 8, 2025, DHS issued a policy instructing all ICE employees to consider anyone deemed inadmissible under § 1182(a)(6)(A)(i)—*i.e.,* all those who entered the United States without admission or inspection—to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond. This policy was subsequently enshrined in a September 5, 2025 decision by the BIA, which took the position that all non-citizens who are present in the United States without admission are subject to mandatory detention under Section 1225(b) and that an immigration judge has no authority to consider their bond requests. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). Respondents assert that the present case is governed by *Hurtado*. (ECF No. 4 at 4.)

As the Supreme Court has explained, "aliens *already in the country* pending the outcome of removal proceedings" may be detained pursuant to Section 1226(a). *Jennings*, 583 U.S. at 289 (emphasis added). By contrast, Section 1225(b) "applies primarily to aliens seeking entry into the United States." *Id.* at 297. Respondents assert that noncitizens like Petitioner who are already

present within the United States are "applicants for admission" within the language of Section 1225(b)(2)(A). (ECF No. 4 at 5–6.) However, as my colleagues have reasoned, if the Court accepts Respondents' argument that Section 1225(b)(2)(A) applies to all "applicant[s] for admission," then there was no need for Congress to specify that Section 1225(b)(2)(A) would apply to "alien[s] seeking admission." *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025). This Court must grant "every clause and word of a statute . . . meaning" and render "no clause, sentence, or word . . . superfluous, void, or insignificant." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023); *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). If this Court adopted the Government's reading of Section 1225(b)(2)(A) to apply to "all applicant[s] for admission," it would render the phrase "seeking admission" superfluous. However, the text "seeking admission" is not unnecessary and, thus, shall not be ignored by this Court. Given that Section 1225(b)(2)(A) is inapplicable to Petitioner, the Court finds that Petitioner has been unlawfully detained in violation of the INA.

### B. Mr. Gonzalez Orozco's Detention Violates Due Process

The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property, without due process of law." The "Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test outlined in *Mathews v. Eldridge*, which weighs: (1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the Government's interest, including administrative burdens of additional procedures. 424 U.S. 319, 334 (1976).

All three *Mathews* factors weigh in favor of Mr. Gonzalez Orozco. In this instance, Mr. Gonzalez Orozco has a strong private interest in his personal liberty. The failure of the Government to afford him *any* individualized determination regarding whether he posed a danger or flight risk after living in this country for more than ten years, with no criminal record prior to the pending charges poses a high risk of erroneous deprivation of his rights, while a bond hearing imposes minimal administrative burden. Therefore, the application of the *Mathews* factors and constitutional due process necessitated a bond hearing prior to his detention on April 24, 2026. The Government has put forth evidence that Petitioner faces pending unrelated criminal charges that suggest his release poses a danger or flight risk. (ECF No. 4 at 4, 9.) Such evidence can and would be appropriately assessed at a bond hearing by a neutral immigration judge. That has yet to take place. Therefore, in consideration of procedural due process rights that are afforded to the Petitioner, Petitioner must now be afforded that hearing or be released from custody.

**IV.   CONCLUSION**

For the aforementioned reasons, Petitioner's detention without a bond hearing contradicts the INA and offends the Due Process Clause of the Fifth Amendment. Therefore, this Court grants Mr. Gonzalez Orozco's Petition, orders that the Government provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) or otherwise release him within seven days, and permanently enjoins the Government from re-detaining him under Section 1225(b)(2)(a). An appropriate Order follows.

**BY THE COURT:**

**/s/ Kelley B. Hodge**

**HODGE, KELLEY B., J.**